Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MANUEL GUADIAN**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN COALITION FOR CRISIS RELIEF PAC, INC.**, d/b/a **BREAST CANCER RELIEF COMMITTEE PAC**, a Delaware Corporation<br><br>Defendant, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 25-cv-00341<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff MANUEL GUADIAN, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant AMERICAN COALITION FOR CRISIS RELIEF PAC, INC. d/b/a BREAST CANCER RELIEF COMMITTEE PAC (hereinafter "ACCR" or Defendant") to stop sending illegal robocalls to consumers using an artificial or prerecorded voice without prior express written consent and to obtain redress for all persons injured by their conduct. Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal robocalls from and/or on behalf of Defendant ACCR. Plaintiff alleges as follows

upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including an investigation conducted by his attorney.

## NATURE OF THE ACTION

1. Defendant sent thousands of illegal robocalls to consumers residential telephone numbers without obtaining prior express written consent and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

3. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

4. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id.* § 227(c)(3).

5. By sending these robocalls to thousands or even millions of consumers, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff Manuel Guadian is a natural person residing in El Paso, Texas.

8. Defendant is a corporation organized and existing under the laws of Delaware.

9. Defendant's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant collects contributions from consumers to go towards Defendant's Breast Cancer Relief Committee PAC.

14. To generate contributions, Defendant created a telemarketing campaign to reach hundreds and thousands and/or millions of consumers nationwide.

15. Defendant's telemarketing campaign employs the use of an artificial intelligence (hereinafter "AI") and/or prerecorded voice.

16. Plaintiff and the putative class fell victim to Defendant's telemarketing campaign.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. Plaintiff's telephone number ending in -5579 is a residential number and is registered to a cellular telephone service.

18. Plaintiff's telephone number ending in -5579 is used for personal purposes and is not associated with business.

19. According to its website, https://americancoalitionforcrisisrelief.org, Defendant collects contributions from consumers nationwide for breast cancer patients.

20. To generate contributions, Defendant created a telemarketing campaign to reach hundreds and thousands and/or millions of consumers nationwide.

21. Defendant's telemarketing campaign employs the use of an AI and/or prerecorded voice.

22. The FCC has declared that calls made with AI-generated voices are considered "artificial" under the TCPA and are in violation without the prior express written consent of the called party.

23. Defendant has been sued for TCPA violations prior to this complaint for also employing the use of an artificial AI voice, *Laccinole v. Wood et al*, No. 3:23-cv-01831-L-BT (N.D. Tex. Aug. 16, 2023).

24. Defendant was on notice and well aware that employing the use of an AI generated and/or prerecorded voice in its telemarketing campaigns is in violation of the TCPA.

25. Although Defendant is running a telemarketing campaign seeking contributions, Defendant still benefits financially and gains a profit from each contribution made by a consumer.

26. To be exact, as per Defendant, a "minimum" of 90 cents per dollar from each contribution made by a consumer is retained by Defendant.

27. During the month of May 2025, Defendant's telemarketing campaign reached Plaintiff's telephone ending in -5579 at least six (6) times (hereinafter "the calls").

28. Defendant used non-working spoofed caller IDs on each of the calls made to Plaintiff.

29. The details of the calls are described below:

1) 5/12/2025 at 1:29pm MST from Caller ID 717-930-4259
2) 5/13/2025 at 10:46am MST from Caller ID 662-208-6528
3) 5/13/2025 at 4:15pm MST from Caller ID 903-345-7516
4) 5/14/2025 at 9:06am MST from Caller ID 580-721-3438
5) 5/15/2025 at 8:24am MST from Caller ID 314-946-9106
6) 5/15/2025 at 10:59am MST from Caller ID 210-526-4353

30. Defendant uses spoofed caller IDs to disguise its identity and so the call will not trace back to them.

31. Plaintiff answered each of the calls and heard the same exact AI generated and/or prerecorded voice that stated,

> Hello? Hi, it's Courtney from the Breast Cancer Relief Committee Pac. We're having our fundraising drive and as a Pac and not a charity we hope you'll help get lawmakers elected who will push for the fast-track approval of life saving tests and treatments for women with cancer you know who cannot afford them. Now one out of eight women will get breast cancer, and everyday women die because their cancer was not caught in time now when you receive your contribution return envelope, can we count on you to return a small non tax deductible contribution for the drive?

32. The calls Plaintiff received from Defendant were clearly AI generated and/or pre-recorded because (a) they were sent with automated technology used to mask Caller IDs (b) they used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

33. Plaintiff did not provide his prior express written consent to receive any of the calls.

34. The calls were annoying to Plaintiff as they interrupted Plaintiff while he was working

35. Plaintiff angrily disconnected the first five calls.

36. The AI generated and/or pre-recorded voice in the calls did not give Plaintiff the option to opt-out from receiving any additional calls.

37. Plaintiff engaged in the sixth call as this was the only way to confirm and identify of who continued to harass him and invade his privacy with unwanted robocalls.

38. The AI generated and/or pre-recorded voice in the calls connected Plaintiff to a female agent with Defendant.

39. The female agent charged Plaintiff's credit card for $50 as a contribution towards the Breast Cancer Relief Committee Pac.

40. The female agent collected Plaintiff's mailing address to send a receipt to Plaintiff.

41. Plaintiff received the following receipt from Defendant via USPS,

**Breast Cancer**
**Relief Committee PAC**

For More Information Please Visit www.americancoalitionforcrisisrelief.org
or call toll free 1-800-393-5011

Dear Manuel Guadian, 87-87D-713149
*Thank you for your $50.00 contribution!*

On behalf of the Breast Cancer Relief Committee PAC also known as American Coalition for Crisis Relief PAC, thank you so much for your generous contribution! The top portion is your paid receipt.

If you would like to make an additional contribution we have included a coupon below and a return envelope. Any additional support is certainly welcome! You can do this by mailing in the coupon with your contribution.

Please see reverse side for non-tax deductibility information.

Sincerely,

Fundraising Committee

BCRCPAC-887-4

**Scan here to contribute today or visit bcrc.mysecurepay.org. You will need your Pledge Number from the top right of this mailer and your zip code.**

Breast Cancer Relief Committee PAC
PO BOX 177
WAUKESHA WI 53187-0177

87-87D-713149
Date: 5/19/25
Amount Paid: $50.00

915-472-5579

**Additional Contribution Coupon** **Remit to:**

Breast Cancer Relief Committee PAC
PO BOX 177
WAUKESHA WI 53187-0177

MANUEL GUADIAN
14415 VINCENT KALEL PL
EL PASO TX 79938-7405

87331071314900050000

42. The receipt Plaintiff received from Defendant confirmed and identified Defendant being the root of the calls.

43. The calls were nonconsensual encounters that were not made for emergency purposes.

44. Defendant's BBB website page contains multiple complaints from other consumers like Plaintiff regarding robocalls received by Defendant,

Local BBB: BBB Serving Wisconsin

BBB File Opened: 2/1/2022

Business Started: 1/31/2022

Alternate Names:
American Coalition for Crisis Relief PAC

**Additional Contact Information**

Additional Email Addresses
Primary: Email this Business

**Additional Information**

Business Categories
Political Organization

**Initial Complaint**
Date: 12/11/2024
Type: Product Issues
Status: Unanswered

Received a call from ************** The person on the phone was AI and deceptively tries to get between $20 and $40.This is a scam and people are very gullible when they hear the word breast cancer. They want to be generous and think thats what they are doing. But this is 100% a scam and the money is not going to anything except to a political action committee. These kind of companies, groups, need to end in our ********** calls like this need to be illegal and users of this type of software need to be prosecuted to the fullest extent.

**Initial Complaint**
Date: 02/12/2024
Type: Order Issues
Status: Unanswered

This company calls repeatedly, even though I am on the National "do not call registry."

**Initial Complaint**
Date: 01/19/2024
Type: Sales and Advertising Issues
Status: Unanswered

Despite being in the federal no call list, this company has called me multiple times in one day. If I answer they hang up and if I call them back to ask to be taken off their list they get mad and hang up. They illegally obtained my number and should not be soliciting.

**Initial Complaint**
Date: 01/13/2024
Type: Customer Service Issues
Status: Unanswered

I am overwhelmed by numerous phone calls all day from different phone numbers from this horrendous group.

**Initial Complaint**
Date: 08/24/2023
Type: Customer Service Issues
Status: Unanswered

i received 16 calls from this company in one day. When i look up the company the number listed goes to another insurance company not listed. I am tired of being harassed by this company.

45. Upon information and belief, Defendant’s telemarketing campaign has reached hundreds of thousands and/or even millions of consumers nationwide without obtaining prior express written consent from consumers.

46. The true number of consumers that Defendant’s telemarketing campaign has reached will be identified through Defendant's call records.

47. The calls were made to Plaintiff for the purpose of encouraging breast cancer contributions on behalf of Defendant.

48. Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of his phone. The calls were frustrating, obnoxious, annoying, depleted Plaintiff’s cell phone battery, and were a nuisance.

49. The calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a “nuisance and invasion of privacy.”

## CLASS ALLEGATIONS

50. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called.
>
> **Texas Class**. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called.

51. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

53. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of the Defendant's uniform wrongful conduct and unsolicited calls.

54. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and

the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

55. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. The Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on the Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

56. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether the alleged calls were caused by the Defendant;

b. Whether the Defendant obtained written express consent prior to sending the alleged calls

c. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of the Defendant's conduct.

57. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief

from the Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(On behalf of Plaintiff and the TCPA Class)**

58. Plaintiff incorporates by reference all the above paragraphs as though fully repeated herein.

59. Defendant placed unsolicited phone calls to Plaintiff and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

60. The calls were made for the express purpose of soliciting consumers for Defendant's goods and services.

61. When Plaintiff and the Class answered and/or played their voicemails, the calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

62. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

63. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

64. If the court finds Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Violations of The Texas Bus. & Com. Code § 305.053**
**(On behalf of Plaintiff and the Texas Subclass)**

65. Plaintiff incorporates the foregoing allegations as if set forth herein.

66. The foregoing acts and omissions of Defendant constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq.

67. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

68. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code § 305.053(b).

69. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

**THIRD CAUSE OF ACTION**
**Violations of Texas Bus. & Com. Code 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Subclass)**

70. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

71. Defendant made solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. & Com. Code § 302.101.

72. As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. & Com. Code § 302.302(a).

73. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendant did not respond.

74. As a result of Defendant's violations of Tex. Bus. & Com. Code § 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff MANUEL GUADIAN, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(b) of the TCPA, and § 302.101 and § 305.053 of the Texas Bus. & Com. Code;

C. An order declaring that Defendant's conduct was willful and knowing;

D. An award of $1,500 per call in statutory damages arising from § 227(b) for each intentional violation;

E. An award of $1,500 in statutory damages arising from each violation of Texas Bus. & Com. Code § 305.053;

F. An award of $5,000 in statutory damages arising from each violation of Texas Bus. & Com. Code § 302.101;

G. An injunction requiring Defendant to cease all unlawful phone calls;

H. An award of reasonable attorneys' fees and costs; and

I. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 26, 2025,

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*